JS 44
(Rev. 3/99)

# ORIGINAL CIVIL COVER SHEET

RECEIVED
JUL 12 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Nury Mandujano

**DEFENDANTS**

Home Depot U.S.A., Inc.
Home Depot International, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

3-04CV-1499H

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Kimberly H. Crane
Kondos & Kondos Law Offices    (972) 231-9924
1595 N. Central Expressway
Richardson, TX 75080

ATTORNEYS (IF KNOWN)

Arthur K. Smith
Law Offices of Arthur K. Smith   (469) 519-2500
507 Prestige Circle
Allen, TX 75002

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1332   personal injury — premises defect

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE  7/8/04

SIGNATURE OF ATTORNEY OF RECORD
/s/ Arthur K. Smith

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

United States District Court
Northern District of Texas

**ORIGINAL**

**SUPPLEMENTAL CIVIL COVER SHEET FOR CASES REMOVED FROM STATE COURT**



This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerks Office. Additional sheets may be used as necessary.

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    **3:04CV-1499 H**

    | Court | Case Number |
    |---|---|
    | County Court at Law No. 2 of Dallas County, Texas | CC-04-6566-B |

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | Party and Party Type | Attorney(s) |
    |---|---|
    | Nury Mandujano, Plaintiff | Kimberly H. Crane<br>Texas State Bar No. 24036415<br><br>Anjel K. Avant<br>Texas State Bar No. 01448470<br><br>KONDOS & KONDOS LAW OFFICES<br>1595 N. Central Expressway<br>Richardson, Texas 75080<br>Telephone: (972) 231-9924<br>Facsimile:  (972) 231-8636 |
    | Home Depot U.S.A., Inc., Defendant | Arthur K. Smith<br>Texas State Bar No. 18534100<br><br>LAW OFFICES OF ARTHUR K. SMITH<br>507 Prestige Circle<br>Allen, Texas 75002<br>Telephone: (469) 519-2500<br>Facsimile:  (469) 519-2555 |

**Supplemental Civil Cover Sheet**
**Page 3**

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | **Party** | **Claim(s)** |
   |---|---|
   | Plaintiff | Personal injury claims under Premises defect theory |
   | Defendants | Deny all claims |

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 12 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURY MANDUJANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 3-04CV-1499H |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| HOME DEPOT U.S.A., INC., and | § | |
| HOME DEPOT INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## DEFENDANT HOME DEPOT U.S.A., INC'S NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc.. ("Home Depot"), for the purpose of removing this casue to the United States District Court for the Northern District of Texas, Dallas Division, states:

1. **State Court Action.** This is an action filed on or about June 8, 2004, in the County Court at Law No. 2 of Dallas County, Texas, being numbered CC-04-6566-B on the docket of said Court and being a suit by Plaintiff, Nury Mandujano ("Plaintiff") against Home Depot and Home Depot International, Inc. ("HDI") to recover for personal injuries based on a premises defect. Specifically, Plaintiff seeks damages for injuries allegedly sustained when she slipped and fell on a liquid substance on the floor of The Home Depot store located at 3261 North George Bush Freeway, Garland, Texas (the "Store").

2. **Diversity Jurisdiction.** Home Depot is incorporated only in Delaware. with its principal office and place of business located in Atlanta, Georgia, both at the time of the filing of the action and at the time of the removal. Home Depot, therefore, is a citizen of the States of Delaware and Georgia. Plaintiff is a citizen of Texas. HDI is incorporated only in Delaware, with its principal office located in Texas, both at the time of the filing of the action and at the time of the reomoval. However, Plaintiff fraudulently joined HDI as a defendant to defeat diversity

jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against HDI in state court.

3.  Plaintiff alleges in her Original Petition that the Store was in the exclusive management, control, and possession of HDI. (Plaintiff's Original Petition ¶ IV)  HDI, however, has never managed, controlled, or possessed the Store.

4.  The Declaration of Steve Taplits,[1] which is attached hereto as Exhibit "D," establishes that HDI does not now own or operate, nor has it ever owned or operated, the Store located at 3261 North George Bush Freeway, Garland, Texas. (Declaration, ¶ 4)  HDI has never owned or had any real property interest in the land upon which the store is located. (Declaration, ¶ 4)  Further, HDI plays no role and has never played any role in the management or decision making process regarding operations of the Store. (Declaration, ¶ 6)  The Store is and has always been operated by Home Depot. (Declaration, ¶ 4)

5.  Thus, as a matter of law, HDI cannot be charged with knowledge of any condition on the premises, cannot be required to exercise reasonable care to reduce or eliminate any alleged risk, and cannot be held liable for the alleged failure to use such care as being the proximate cause of Plaintiff's purported injuries.  Plaintiff, therefore, cannot possibly establish any cause of action against HDI.

6.  The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs.  Plaintiff's petition clearly indicates an amount in controversy in excess of the $75,000 jurisdictional limit.  This Court has original jurisdiction over this action under *28 U.S.C. § 1332.*  Venue is proper in this Court under *28 U.S.C. §1391*, as this is the district and division embracing the place where the state court action is pending.  This action is one which may

---

[1] For purposes of fraudulent joinder, courts utilize a summary judgment type practice and pierce the pleadings. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003).

be removed by Home Depot pursuant to *28 U.S.C. § 1441* since the Court has original jurisdiction over Plaintiff's claims.

7.  **State Court Documents Attached.** This suit was filed on or about June 8, 2004, and citation was served upon Home Depot on June 10, 2004. Home Depot, therefore, received the first plea or pleading in this case on June 10, 2004. HDI was also served with citation on June 10, 2004. Removal, therefore, is timely under *U.S.C. § 1446(b)*. Attached hereto are the documents from the state court action, said documents constituting the only process, pleading, or orders received by Home Depot in this action.

8.  **Consent to Removal.** Because removal is premised on fraudulent joinder, HDI need not consent to removal.

9.  **Relief Requested.** Home Depot respectfully requests that the United States District Court for the Northern District of Texas, Dallas Division, accept this notice of removal and that it assume jurisdiction of this cause and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

10. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By: _____
Arthur K. Smith
Attorney-in-Charge
Texas State Bar No. 18534100

Kimberly R. Lafferty
Of Counsel
Texas State Bar No. 00796915

507 Prestige Circle
Allen, Texas 75002
Telephone: (469) 519-2500
Facsimile: (469) 519-2555

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

### CERTIFICATE OF SERVICE

On the 12th day of July, 2004, a true and correct copy of the above and foregoing pleading was served upon counsel for Plaintiff via certified mail, return receipt requested, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

_____
Arthur K. Smith

158904.297\Notice.Removal